WADSWORTH LAND COMPANY v. CHARLOTTE ELECTRIC COMPANY
AND PIEDMONT TRACTION COMPANY, CONSOLIDATED WITH PIEDMONT TRACTION COMPANY, PETITIONER, v. WADSWORTH LAND COMPANY.

(Filed 1 December, 1915.)

**1. Instructions—Railroads—Condemnation—Measure of Damages—Statement of Contentions.**

   Where the court substantially instructs the jury in condemnation proceedings for railroad purposes that the measure of damages is the difference between the market value of the land before and after its appropriation for a right of way, it will not be considered as error that, in stating the contentions of the parties, he said more or less about the value of the land for residential, municipal, and industrial purposes.

**2. Trials— Railroads — Condemnation — Argument — Damages — Speculative Values—Appeal and Error.**

   Argument of counsel on speculative values for the lands taken for railroad purposes in condemnation proceedings will not be considered as ground for reversible error on appeal when it appears that the trial court, at the time of the objection, corrected any erroneous impression they may have made on the jury and afterwards instructed them not to consider anything not based on the evidence in the case relating thereto.

**3. Appeal and Error—Objections and Exceptions—Unanswered Questions.**

  The exclusion of evidence tending to show the right of the defendant electric company to haul freight over its lines, in these proceedings upon the question of damages recoverable by the owner of lands for a right of way condemned thereover, was proper under the former decision in this case.  162 N. C., 504.

**4. Issues—Condemnation—Special Benefits.**

  In these proceedings to assess damages to the owner of lands for a right of way taken in condemnation proceedings, it is held that the issue submitted was sufficient to include any special benefits claimed by the defendant to inure to the lands, and the charge gave the defendant the full benefit thereof.

**5. Condemnation—Railroads—Measure of Damages—Unsightly Construction —Evidence.**

  The exception to the charge of the court in this case allowing damages to the land assessed for a right of way on account of the unsightliness of the street railway construction thereon is not sustained on appeal.

**6. Instructions—Railroads—Condemnation—Character of Lands—Appeal and Error.**

  It was correct for the judge to refuse to charge that the land over which the defendant railway company had condemned a right of way was unsuitable for high-class residential development, under the evidence in this case.

APPEAL by Piedmont Traction Company from *Lane, J.,* at May Term, 1915, of MECKLENBURG.

These two actions were consolidated and tried together upon this issue:

What damages, if any, shall the Piedmont Traction Company be required to pay the Wadsworth Land Company as compensation for the condemnation of the right of way described in the traction company's amended petition?  Answer: "$20,000."

From the judgment rendered, defendant the Piedmont Traction Company appealed.

  *Tillett & Guthrie, J. W. Keerans, Cansler & Cansler for plaintiffs.*
  *Osborne, Cocke & Robinson, Pharr & Bell, John M. Robinson for defendant.*

PER CURIAM.  The only questions presented on this appeal arise upon the one issue of damages.  The Piedmont Traction Company seeks to condemn a right of way for its railroad through the plaintiff's land.  At a former trial the plaintiff recovered a judgment for $35,000, and upon appeal to this Court a new trial was ordered.  162 N. C., 504.  Upon the last trial the damages were assessed at $20,000.  There seems to have been taken a very large number of exceptions which have been reduced to eighty-six assignments of error, and these in turn have been reduced to eleven points set out in the able and elaborate brief of counsel for defendant.

1. It is contended that the court erred in instructing the jury to estimate the damages to the plaintiff's property upon the basis of its use for the particular purpose of a high-class residential development, and in refusing to instruct the jury that the measure of damages was the difference in its market value before and after the taking for all purposes. This contention cannot be sustained. It is true, the court said more or less about the value of this property for residential purposes and also for municipal and industrial purposes, but a careful examination of the charge shows that that was largely in stating the contentions of both sides. The court instructed the jury substantially, so that they could not well have misunderstood what was said, that the proper measure of damages where lands are taken for railroad purposes is the difference between the market value of the land before and after its appropriation for a right of way. This is in accord with the former opinion in this case.

2. It is objected that his Honor erred in permitting counsel for the plaintiff, in arguing the case to the jury, to speculate as to the future uses to which the property might be put. In trying a case of this sort it is very difficult to prevent arguments that are not based solely upon the evidence. In this case the court did all it could in specifically instructing the jury to disregard any argument of counsel not based on the evidence, and this instruction was given at the time when the counsel for the defendant objected to such argument.

3. It is objected that the court erred in refusing to allow the traction company to show, and in refusing to charge the jury, that the electric company had the right to haul freight, under its contract with the Wadsworth heirs, over its property. It was expressly decided by this Court in the former appeal that if the electric company had the right to haul freight over the land, it could not transfer that right to this defendant. An examination of the contract between the electric company and the Wadsworth heirs fails to disclose that the Wadsworths conferred upon the electric company the right to run freight trains through the property. The last clause of the contract indicates that the railway system to be operated was a street car system, and that it was to be operated in connection with the street railway system for the city of Charlotte, and that the cars to be used thereon were to be similar to those used on the street railway of Charlotte.

4. It is contended that an issue tendered by the defendant in reference to special benefits should have been submitted to the jury. We think the defendant had ample opportunity to offer all the evidence bearing upon any special benefits claimed to inure to the property under the form of the issue as submitted. We think the court in the charge gave the defendant full benefit of its claim in this respect.

5. It is contended that the court should have charged the jury that they had no right to take into consideration the unsightliness and depreciation of the value of the property in consequence of the traction company's poles and trolley wires. We think his Honor properly charged the jury in this respect and that there was evidence to the effect that the poles projected out into the street, and were unsightly and were a source of danger to persons, and would tend to decrease the value of the property generally.

6. It is contended that the court erred in refusing to charge the jury that the property of the land company was unsuitable for high-class residential development. This was a matter of dispute in the evidence and was properly submitted to the jury for their consideration as an element of value.

7. The defendant insists that it was seriously prejudiced by an unfair statement of the contentions of the parties, as given to the jury by the court. A careful reading of the charge of the court satisfies us that it is not justly amenable to this criticism.

The other four points discussed in the defendant's brief we do not think necessary to discuss. A careful examination of the voluminous record in this case, assisted as we have been by unusually full briefs, satisfies us that no substantial error has been committed which would justify us in ordering another trial of this case, which has been tried once before.

No error.